DAVID R. WEINSTEIN (SBN 082881)
WEINSTEIN LAW FIRM
A Professional Corporation
16501 Ventura Boulevard Suite 400
Encino, CA 91436
Telephone: (747) 233-3653
Facsimile:  (747) 233-3601
Email: dweinstein@weinsteinlawfirm.net

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SANDRA ELISABETH JOHNSON,<br><br>Debtor. | Case No. 8:13-BK-11464-ES<br><br>Chapter 11<br><br>DEBTOR'S STATUS CONFERENCE REPORT<br><br>DATE: May 22, 2014<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 5A<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

Pursuant to the Court's *Chapter 11 Status Conference Order* entered on January 22, 2014 (Docket no. 191), Sandra Elisabeth Johnson, Debtor-in-Possession (the "Debtor") files this Status Conference Report.

A. **Case Summary**.

1. This case began as one under Chapter 7 with a voluntary petition filed on February 18, 2013. It was converted to one under Chapter 11 as of November 19, 2013. The case is administered by the Debtor, as the debtor-in-possession.

Debtor's Status Conference Report.doc

- 1 -

2. During the Chapter 7 phase of the case, the Chapter 7 Trustee sold real property at 1833 Port Barmouth Place, Newport Beach, CA 92660 ("Barmouth Property") for $2,750,000.

3. After payment of the senior lien against the Barmouth Property, property taxes and transaction costs, the sum of $772,229.61 was deposited to a trust account being administered for the benefit of the estate by attorney Lorraine Howell ("Barmouth Proceeds Account"). The second lien of R and B Capital, LLC ("R&B") against the Barmouth Property was removed to the Barmouth Proceeds Account.

4. In March and April 2014, the Debtor recovered $27,500 that was overpaid upon brokerage commissions in the Barmouth Property sale. That money was deposited to the Barmouth Proceeds Account. The balance is now $800,000 (rounded).

B. **Reporting, Disclosures and Other United States Trustee Obligations.**

1. The Debtor attended the meeting of creditors (following conversion) on January 9, 2014. It is continued to May 22, 2014 (12:00 noon). The Debtor expects the meeting to conclude that day.

2. On March 13, 2014, the Debtor filed Amended Schedules (Docket no. 213) and a (new) list of the 20 Largest Unsecured Creditors (Docket no. 215).

3. The Debtor will further amend Schedule B concerning breach of contract and personal injury claim rights that arose in December 2013 and Schedule C to assert exemption rights in those claims.

4. All monthly reporting obligations have been timely satisfied to date.

/ / /

/ / /

/ / /

C. **Engagement of Professionals.**

1. The Debtor's engagement of Weinstein Law Firm, A Professional Corporation, as general Chapter 11 counsel, effective January 1, 2014, was approved by an order entered on March 31, 2014 (Docket no. 223).

2. An application to employ LoBuglio & Sigman CPAs as the estate's accountants was filed on May 2, 2014 (Docket no. 253).

3. The Debtor will shortly file applications to employ special counsel with respect to breach of contract and tort claims that arose in December 2013.

D. **Claims.**

1. A claims bar date of March 28, 2014 was ordered by the Court and notice was timely distributed (Docket no. 192).

2. The Debtor obtained a supplemental claims bar date of June 9, 2014 with respect to creditors added in the Amended Schedules ("Supplemental Bar Date") and notice of the Supplemental Bar Date was timely distributed (Docket no. 233).

3. There are presently on file unsecured claims totaling approximately $1,493,000. Of that, approximately $914,000 appear to be duplicates and $236,302 are claims of insiders whom the Debtor believes will be supportive of a plan. Of the other unsecured claims presently on file, the Debtor believes the allowable claims do not exceed $26,500 (approximately). Subject to review following passage of the Supplemental Bar Date, the Debtor believes allowable, non-insider unsecured claims will be considerably less than $100,000.

/ / /

/ / /

/ / /

E.  **Estate Asset Base.**

1. There is approximately $800,000 in the Barmouth Proceeds Account (above). R&B has claimed approximately $664,000. There are thus unencumbered funds in the Barmouth Proceeds Account of at least $135,000.

2. The Debtor believes R&B's entitlement does not exceed $550,000 and consequently, that the unencumbered portion of the Barmouth Proceeds Account is at least $250,000.

3. The disputed R&B lien is presently the subject of a contested matter begun by a motion filed by R&B seeking release of funds. The first hearing on that motion is on June 12, 2014.

4. The Barmouth Proceeds Account is also subject to the Debtor's homestead claim of $100,000.

5. The estate includes the Debtor's current family residence at 1836 Port Manleigh Place, Newport Beach, CA 92660 ("Manleigh Property"). Secured claims against the Manleigh Property presently total approximately $1,450,000. The Debtor is in negotiations over a potential mortgage modification.

6. The Chapter 7 Trustee had reached an agreement to sell the Manleigh Property for $1,880,000, prior to the conversion to Chapter 11. The sale was stayed in connection with the conversion. The sale process (October 2013), however, indicates that there is gross equity in the Manleigh Property of at least $330,000.

7. The estate includes mutual funds and other similar investments which are community property (collectively, "Mutual Funds"). The Debtor believes the Mutual Funds are valued at $9,000 or more. The Mutual Funds are under the control of the Debtor's ex-husband, James H. Johnson, M.D. ("Dr. Johnson" or "James Johnson"). The Debtor

has begun an investigation into the Mutual Funds and expects them to be turned over for administration in the estate shortly.

8. The Debtor has filed an adversary proceeding against James Johnson (adv. no. 8:14-ap-01001-ES). This adversary proceeding seeks turnover of community property, or its value, that is under the control of James Johnson; contribution by James Johnson to the payment of allowable community claims; and recovery of post-petition transfers of community property to James Johnson.

9. The breach of contract and tort claims that arose in December 2013 (above) are in the earliest stages of analysis. It is presently difficult to quantify these claims or estimate when they will be resolved. Prosecution of these claims may extend beyond confirmation of a plan.

F. **Chapter 11 Plan.**

1. The case was commenced to prevent the then-pending foreclosure of the Barmouth Property and thereby preserve considerable asset value for the estate (above).

2. The case was necessitated by the fact that Dr. Johnson had stopped making payments on the Barmouth Property (and the Manleigh Property).

3. The Debtor supported the sale of the Barmouth Property. She intended to live in the Manleigh Property with her daughters and thus resisted that sale. The Debtor plans to account for the asset value in the Manleigh Property other than through liquidation of the property.

4. The Debtor believes the aggregation of: the unencumbered portion of the Barmouth Proceeds Account; the Mutual Funds; recovery of the value of the community property controlled by Dr. Johnson and Dr. Johnson's obligations on community claims will substantially fund a plan. Administrative creditors will consider deferral

of portions of their allowances, as the case progresses and a plan is formulated. The Debtor also anticipates settlement negotiations with Dr. Johnson.

5. The Debtor will also consider dedication of her homestead rights (in the Barmouth Proceeds Account) to the payment of administrative expenses and allowable unsecured claims. As may appear to be necessary, the Debtor will evaluate the monetization of value in the Manleigh Property.

6. The Debtor believes the holders of the allowable, insider unsecured claims ($236,302, above) will favorably review a plan that includes deferred treatment of the insider claims to facilitate the Debtor's exit from Chapter 11.

7. Quantification of these plan components must await passage of the Supplemental Claims Bar Date (June 9, 2014) and claims objections, and preliminary hearings in the Johnson Adversary Proceeding (initial status conference: July 31, 2014). The Debtor presently intends to meet the plan filing deadline.

## **CONCLUSION**

The Debtor is proactively and effectively administering this case. The general Chapter 11 status conference should be continued to a date after July 31, 2014.

DATED: May 8, 2014

Respectfully submitted,

WEINSTEIN LAW FIRM
A Professional Corporation

By _____
DAVID R. WEINSTEIN
Attorneys for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16501 Ventura Boulevard Suite 400, Encino, CA 91436'

A true and correct copy of the foregoing document entitled (specify): DEBTOR'S STATUS CONFERENCE REPORT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) May 8, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) May 8, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
JUDGE'S COPY:
Honorable Erithe A. Smith
United States Bankruptcy Judge
411 West Fourth Street Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2014 | JUDY CONTI | /s/ JUDY CONTI |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

William M. Burd on behalf of Interested Party Courtesy NEF
wmburd@burd-naylor.com

Frank Cadigan on behalf of U.S. Trustee United States Trustee (SA)
frank.cadigan@usdoj.gov

Ed J Gezel on behalf of Creditor Daimler Trust
Notices@bkservicing.com

Richard G Heston on behalf of Defendant James H Johnson
rheston@hestonlaw.com, eblanco@hestonlaw.com,docs@hestonlaw.com

Richard G Heston on behalf of Non-Filing Spouse James H. Johnson
rheston@hestonlaw.com, eblanco@hestonlaw.com,docs@hestonlaw.com

Weneta M Kosmala (TR)
Weneta.Kosmala@7trustee.net,
ca15@ecfcbis.com;wkosmala@kosmalalaw.com;dfitzger@kosmalalaw.com;kgeorge@kosmalalaw.com

Erin P Moriarty on behalf of Plaintiff Weneta M.A. Kosmala
emoriarty@kosmalalaw.com, wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net

Erin P Moriarty on behalf of Trustee Weneta M Kosmala (TR)
emoriarty@kosmalalaw.com, wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net

Barry L O'Connor on behalf of Creditor R&B Capital Group, LLC.
udlawBK@aol.com

Ernie Zachary Park on behalf of Creditor The Irvine Company
ernie.park@bewleylaw.com

Kelly M Raftery on behalf of Creditor U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7,
bknotice@mccarthyholthus.com

Timothy J Silverman on behalf of Creditor Financial Services Vehicle Trust
tim@sgsslaw.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Derrick Talerico on behalf of Creditor R&B Capital Group, LLC.
dtalerico@lntlaw.com, nlockwood@lntlaw.com;jokeefe@lntlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Attorney The Wall Law Office, APC
wwall@wall-law.com, goceguera@wall-law.com

David R. Weinstein on behalf of Debtor Sandra Elisabeth Johnson
dweinstein@weinsteinlawfirm.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

David R. Weinstein on behalf of Plaintiff Sandra Elisabeth Johnson
dweinstein@weinsteinlawfirm.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE