**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | | |
|---|---|---|
| In re:   SANDRA ELISABETH JOHNSON | § | Case No. 8:13-BK-11464 ES |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION
REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED
AND APPLICATION TO BE DISCHARGED (TDR)**

    WENETA M.A. KOSMALA, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

    1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

    2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

---

Assets Abandoned:  $33,885.00              Assets Exempt:    $103,700.00
*(without deducting any secured claims)*

Total Distribution to Claimants:   $1,572,431.59          Claims Discharged
                                                          Without Payment:  $582,025.35

Total Expenses of Administration:  $395,653.92

---

    3) Total gross receipts of $2,253,253.47 (see **Exhibit 1**), minus funds paid to the debtor and third parties of $285,167.96 (see **Exhibit 2**), yielded net receipts of $1,968,085.51 from liquidation of the property of the estate, which was distributed as follows:

**UST Form 101-7-TDR (10/1/2010)**

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | 3,530,047.33 | 4,375,294.11 | 1,572,431.59 | 1,572,431.59 |
| PRIORITY CLAIMS |  |  |  |  |
|     CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | 0.00 | 337,678.20 | 335,781.43 | 335,781.43 |
|     PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | 0.00 | 369,847.67 | 352,931.67 | 59,872.49 |
|     PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 20,993.41 | 1,000.00 | 0.00 | 0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 533,231.22 | 1,526,718.81 | 525,758.93 | 0.00 |
| **TOTAL DISBURSEMENTS** | **$4,084,271.96** | **$6,610,538.79** | **$2,786,903.62** | **$1,968,085.51** |

    4)  This case was originally filed under Chapter 11 on 02/18/2013 and it was converted to Chapter 7 on 07/17/2015. The case was pending for 43 months.

    5)  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

    6)  An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated:  01/25/2019          By: /s/ WENETA M.A. KOSMALA
                                                                       Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TDR (10/1/2010)**

# EXHIBITS TO
# FINAL ACCOUNT

## EXHIBIT 1 - GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| 1833 PORT BART BARMOUTH PLACE, NEWPORT BEACH, CA | 1110-000 | 190,556.07 |
| 1836 PORT MANLEIGH PLACE, NEWPORT BEACH, CA 9266 | 1110-000 | 2,060,000.00 |
| Mutual funds controlled by Dr. James Johnson. Value is estimated Dec '13 (1) Columbia Mgmt ($2766.98); (2) Vanguard ($3 | 1229-000 | 2,697.40 |
| **TOTAL GROSS RECEIPTS** | | **$2,253,253.47** |

[1] The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 - FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRANS. CODE | $ AMOUNT PAID |
|---|---|---|---|
| Sandra E. Johnson | Full and final payment of $100,000 homestead exemption per Court Order entered March 15, 2016 | 8100-002 | 100,000.00 |
| Karen Naylor, Chapter 7 Trustee | FULL AND FINAL PAYMENT OF SETTLEMENT PROCEEDS TO KAREN SUE NAYLOR, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES H | 8500-002 | 185,167.96 |
| **TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES** | | | **$285,167.96** |

## EXHIBIT 3 - SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 7 | ADAM AND CINDY MUCHNICK | 4110-000 | 1,743,277.49 | 1,779,938.00 | 0.00 | 0.00 |
| 10 | County of Orange | 4110-000 | N/A | 25,882.93 | 0.00 | 0.00 |
| 20 | U.S. Bank NA, | 4110-000 | N/A | 1,207,631.23 | 1,418,220.87 | 1,418,220.87 |
| 22 | US Bank, NA | 4110-000 | N/A | 1,207,631.23 | 0.00 | 0.00 |
| NOTFILED | Chase Bank | 4110-000 | 1,165,000.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Chase Bank | 4110-000 | 136,769.84 | 0.00 | 0.00 | 0.00 |
| NOTFILED | MSSK VENTURES | 4110-000 | 485,000.00 | 0.00 | 0.00 | 0.00 |
| | Chase Home Finance Home Equity | 4110-000 | N/A | 154,210.72 | 154,210.72 | 154,210.72 |
| **TOTAL SECURED CLAIMS** | | | **$3,530,047.33** | **$4,375,294.11** | **$1,572,431.59** | **$1,572,431.59** |

## EXHIBIT 4 - CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

**UST Form 101-7-TDR (10/1/2010)**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| WENETA M.A. KOSMALA | 2100-000 | N/A | 82,292.57 | 82,292.57 | 82,292.57 |
| Weneta M.A. Kosmala | 2200-000 | N/A | 458.85 | 458.85 | 458.85 |
| HAHN FIFE & COMPANY, LLP | 3410-000 | N/A | 7,560.00 | 7,560.00 | 7,560.00 |
| HAHN FIFE & COMPANY, LLP | 3420-000 | N/A | 698.70 | 698.70 | 698.70 |
| UNITED STATES BANKRUPTCY COURT | 2700-000 | N/A | 586.00 | 586.00 | 586.00 |
| Office of the U.S. Trustee | 2950-000 | N/A | 975.00 | 975.00 | 975.00 |
| INTERNATIONAL SURETIES, LTD. | 2300-000 | N/A | 0.00 | 553.23 | 553.23 |
| Pickford Escrow | 2500-000 | N/A | 10,835.40 | 10,835.40 | 10,835.40 |
| Signature Bank | 2600-000 | N/A | 17,429.98 | 17,429.98 | 17,429.98 |
| Law Offices of Weneta M.A. Kosmala | 3110-000 | N/A | 108,035.50 | 105,585.50 | 105,585.50 |
| Law Offices of Weneta M.A. Kosmala | 3120-000 | N/A | 2,409.12 | 2,409.12 | 2,409.12 |
| First American Title | 2820-000 | N/A | 3,397.08 | 3,397.08 | 3,397.08 |
| Berkshire Hathaway | 3510-000 | N/A | 51,500.00 | 51,500.00 | 51,500.00 |
| Surterre Properties | 3510-000 | N/A | 51,500.00 | 51,500.00 | 51,500.00 |
| **TOTAL CHAPTER 7 ADMIN. FEES and CHARGES** | | **N/A** | **$337,678.20** | **$335,781.43** | **$335,781.43** |

**EXHIBIT 5 - PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| WEINSTEIN LAW FIRM | 6700-180 | N/A | 281,490.00 | 281,490.00 | 47,752.90 |
| WEINSTEIN LAW FIRM | 6710-190 | N/A | 2,805.85 | 2,805.85 | 475.99 |
| LORRAINE HOWELL | 6210-600 | N/A | 19,300.00 | 0.00 | 0.00 |
| LORRAINE HOWELL | 6220-610 | N/A | 66.00 | 0.00 | 0.00 |
| LOBUGLIO & SIGMON | 6410-000 | N/A | 15,782.00 | 15,782.00 | 2,677.31 |
| LOBUGLIO & SIGMON | 6420-000 | N/A | 209.94 | 209.94 | 35.61 |
| Law Offices of Weneta M.A. Kosmala | 6110-000 | N/A | 48,881.00 | 51,331.00 | 8,707.96 |
| Law Offices of Weneta M.A. Kosmala | 6120-000 | N/A | 1,312.88 | 1,312.88 | 222.72 |
| **TOTAL PRIOR CHAPTER ADMIN. FEES and CHARGES** | | **N/A** | **$369,847.67** | **$352,931.67** | **$59,872.49** |

**EXHIBIT 6 - PRIORITY UNSECURED CLAIMS**

**UST Form 101-7-TDR (10/1/2010)**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | CREATIVE LEASING ENTERPRISES LLC | 5800-000 | 1,000.00 | 1,000.00 | 0.00 | 0.00 |
| NOTFILED | EMPLOYMENT DEVELOPMENT DEPARTMENT | 5800-000 | 1,385.33 | 0.00 | 0.00 | 0.00 |
| NOTFILED | FRANCHISE TAX BOARD | 5800-000 | 6,446.33 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Orange County Treasurer | 5800-000 | 35.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | INTERNAL REVENUES SERVICES | 5800-000 | 12,126.75 | 0.00 | 0.00 | 0.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | **$20,993.41** | **$1,000.00** | **$0.00** | **$0.00** |

### EXHIBIT 7 - GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | The Irvine Company | 7100-000 | 21,000.00 | 706,292.83 | 0.00 | 0.00 |
| 3 | Capital One Bank (USA), N.A. | 7100-000 | 26,322.44 | 24,941.58 | 24,941.58 | 0.00 |
| 4 | Southern California Edison Company | 7100-000 | 1,302.84 | 0.00 | 0.00 | 0.00 |
| 4 | Southern California Edison Company | 7100-000 | 342.34 | 0.00 | 0.00 | 0.00 |
| 4 | Southern California Edison Company | 7100-000 | 624.12 | 1,502.03 | 1,298.86 | 0.00 |
| 5 | American Express Bank, FSB | 7100-000 | 0.00 | 9,130.40 | 0.00 | 0.00 |
| 6 | American Express Bank, FSB | 7100-000 | 0.00 | 198,674.70 | 0.00 | 0.00 |
| 8 | The Irvine Company | 7100-000 | N/A | 85,940.22 | 50,000.00 | 0.00 |
| 9 | BMW Financial Services NA, LLC | 7100-000 | 13,000.00 | 5,411.28 | 5,411.28 | 0.00 |
| 11 | Bank of America, N.A. | 7100-000 | N/A | 19,894.19 | 0.00 | 0.00 |
| 12 | American Express Bank, FSB | 7100-000 | 198,674.70 | 198,674.70 | 198,674.70 | 0.00 |
| 13 | American Express Bank, FSB | 7100-000 | 9,130.40 | 9,130.40 | 9,130.40 | 0.00 |
| 14 | JAMES H JOHNSON MD | 7100-000 | N/A | 0.00 | 0.00 | 0.00 |
| 15 | QUALITY COMPUTER CARE | 7100-000 | 137.50 | 137.50 | 0.00 | 0.00 |
| 16 | VIP Transport Inc | 7100-000 | N/A | 1,188.00 | 0.00 | 0.00 |
| 17 | Cox | 7100-000 | 631.33 | 131.08 | 0.00 | 0.00 |
| 17 | Cox | 7100-000 | 311.00 | 0.00 | 0.00 | 0.00 |
| 17 | Cox | 7100-000 | 934.58 | 0.00 | 0.00 | 0.00 |
| 17 | Cox | 7100-000 | 131.08 | 0.00 | 0.00 | 0.00 |
| 18 | DEBBIE ASKEW | 7100-000 | 42,000.00 | 42,000.00 | 42,000.00 | 0.00 |
| 19 | Martha Askew | 7100-000 | 160,000.00 | 194,302.11 | 194,302.11 | 0.00 |
| 21 | R and B Capital Group, LLC | 7100-000 | N/A | 0.00 | 0.00 | 0.00 |

**UST Form 101-7-TDR (10/1/2010)**

| | | | | | | |
|---|---|---|---|---|---|---|
| 23 | The Wall Law Office, APC | 7100-000 | N/A | 24,969.21 | 0.00 | 0.00 |
| 25 | Newport Hills Community Association | 7100-000 | N/A | 4,267.50 | 0.00 | 0.00 |
| 26 | Cox Communications | 7100-000 | N/A | 131.08 | 0.00 | 0.00 |
| NOFILED | PARKER | 7100-000 | 1,882.47 | 0.00 | 0.00 | 0.00 |
| NOTFILED | RS HAGLAND CONSTRUCTION | 7100-000 | 2,976.65 | 0.00 | 0.00 | 0.00 |
| NOTFILED | A PLUS LOCKSMITH | 7100-000 | 303.93 | 0.00 | 0.00 | 0.00 |
| NOTFILED | HARBOR VIEW COMMUNITY ASSN | 7100-000 | 1,100.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | NEWPORT HARBOR UR PATHOLOGY | 7100-000 | 50.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | CITY OF NEWPORT BEACH, REVENUE | 7100-000 | 292.35 | 0.00 | 0.00 | 0.00 |
| NOTFILED | CITY OF NEWPORT BEACH, REVENUE | 7100-000 | 406.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | ADT SECURITY SERVICES | 7100-000 | 255.72 | 0.00 | 0.00 | 0.00 |
| NOTFILED | AT&T WIRELESS | 7100-000 | 213.20 | 0.00 | 0.00 | 0.00 |
| NOTFILED | PACIFIC WOMEN'S HEALTHCARE | 7100-000 | 293.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | PRIMEX CLINICAL LABORATORIES | 7100-000 | 122.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | AT&T WIRELESS | 7100-000 | 253.55 | 0.00 | 0.00 | 0.00 |
| NOTFILED | BACK BAY MEDICAL GROUP | 7100-000 | 836.26 | 0.00 | 0.00 | 0.00 |
| NOTFILED | CITY OF NEWPORT BEACH, REVENUE | 7100-000 | 1,227.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | CITY OF NEWPORT BEACH, REVENUE | 7100-000 | 612.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | GILBERTO MACARENO | 7100-000 | 2,500.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Gas Company | 7100-000 | 219.51 | 0.00 | 0.00 | 0.00 |
| NOTFILED | WEST PACIFIC MEDICAL | 7100-000 | 55.31 | 0.00 | 0.00 | 0.00 |
| NOTFILED | ADT SECURITY SERVICES | 7100-000 | 371.40 | 0.00 | 0.00 | 0.00 |
| NOTFILED | I AM | 7100-000 | 385.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | OLIVER POOLS | 7100-000 | 360.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | PENN VAN & STORAGE COMPANY | 7100-000 | 3,530.50 | 0.00 | 0.00 | 0.00 |
| NOTFILED | STRIPPER WALLPAPER SERVICES | 7100-000 | 750.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | VERIZON | 7100-000 | 1,470.62 | 0.00 | 0.00 | 0.00 |
| NOTFILED | GOLDEN RAINBOW PUBLISHING | 7100-000 | 131.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | LABCORP AKA LCA COLLECTION | 7100-000 | 275.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | USAA | 7100-000 | 11,492.46 | 0.00 | 0.00 | 0.00 |
| NOTFILED | ZOHREHKEY & ASSOCIATES | 7100-000 | 24,000.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | CALIFORNIA ORTHOPEDIC SERVICES | 7100-000 | 517.75 | 0.00 | 0.00 | 0.00 |

**UST Form 101-7-TDR (10/1/2010)**

| NOTFILED | CITY OF NEWPORT BEACH, REVENUE | 7100-000 | 47.00 | 0.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| NOTFILED | SAMUEL JAIMES | 7100-000 | 710.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | START PT NEWPORT BEACH | 7100-000 | 509.21 | 0.00 | 0.00 | 0.00 |
| NOTFILED | AT&T UVERSE | 7100-000 | 540.00 | 0.00 | 0.00 | 0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | **$533,231.22** | **$1,526,718.81** | **$525,758.93** | **$0.00** |

**UST Form 101-7-TDR (10/1/2010)**

Exhibit 8

## FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Page: 1

| Case Number: | 8:13-BK-11464 ES | Trustee: | WENETA M.A. KOSMALA |
|---|---|---|---|
| Case Name: | SANDRA ELISABETH JOHNSON | Filed (f) or Converted (c): | 07/17/15 (c) |
| | | §341(a) Meeting Date: | 04/04/13 |
| Period Ending: | 01/25/19 | Claims Bar Date: | 05/09/16 |

| Ref # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) Abandon | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 1833 PORT BART BARMOUTH PLACE, NEWPORT BEACH, CA<br>Sold in original Chapter 7 case per Order entered October 3, 2013. Proceeds of $190,553,78, plus $2.29 turned over by Chapter 11 DIP upon conversion to Chapter 7. Trustee's turnover to Debtor of Debtor's $100,000 claim of exemption in these funds was resolved per Court Order entered March 15, 2016. Interest of Karen Naylor, Chapter 7 Trustee for estate of James Johnson in litigation in adversary proceeding 8:14-ap-01145-ES was resolved. Trustee is pursued repayment of $100,000 of exemption funds paid to Debtor on the basis that the funds were not appropriately invested under In re Jacobson. The matter was argued and the issue taken under advisement by the Court. An opinion was issued on March 21, 2018. | 2,750,000.00 | 200,000.00 | | 190,556.07 | FA |
| 2 | 1836 PORT MANLEIGH PLACE, NEWPORT BEACH, CA 9266<br>Sold to Renato Rivas for $2,060,000 per Court Order entered March 11, 2016. Interest of Karen Naylor, Chapter 7 Trustee for estate of James Johnson in litigation in adversary proceeding 8:14-ap-01145-ES was resolved per Court Order entered on March 22, 2017. | 1,880,000.00 | 186,230.16 | | 2,060,000.00 | FA |
| 3 | HOSEHOLD GOODS | 2,700.00 | 0.00 | | 0.00 | FA |
| 4 | CLOTHES | 1,800.00 | 0.00 | | 0.00 | FA |
| 5 | DIAMOND EARRINGS | 400.00 | 0.00 | | 0.00 | FA |
| 6 | FRINGE, INC | Unknown | 1.00 | | 0.00 | FA |
| 7 | 2012 X5 BMW LEASE | 0.00 | 0.00 | | 0.00 | FA |
| 8 | 2010 MERCEDES GL450-LEASE | 0.00 | 0.00 | | 0.00 | FA |
| 9 | COMPUTER | 150.00 | 0.00 | | 0.00 | FA |
| 10 | Mutual funds controlled by Dr. James Johnson. Value is estimated Dec '13 (1) Columbia Mgmt ($2766.98); (2) Vanguard ($3547.40); (3) Jensen (unk) (u) | 9,000.00 | 1.00 | | 2,697.40 | FA |

FORM 1  
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**  
**ASSET CASES**

Exhibit 8

Page: 2

| Case Number: | 8:13-BK-11464 ES | Trustee: | WENETA M.A. KOSMALA |
|---|---|---|---|
| Case Name: | SANDRA ELISABETH JOHNSON | Filed (f) or Converted (c): | 07/17/15 (c) |
| | | §341(a) Meeting Date: | 04/04/13 |
| Period Ending: 01/25/19 | | Claims Bar Date: | 05/09/16 |

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 11 | A) March-June 2013; Child support $2961/mo; spousal support $2576/mo  (B)  July 2013-Present; Child support $1851/mo; spousal support $3184/mo.  These are subject to increase in divorce court (u) | 5,035.00 | 0.00 | | 0.00 | FA |
| 12 | Recovery of brokerage commission  Overpayment to Prudential CA Realty & Surterre Properties in sale of Barmouth (Oct '13) (u) | 27,500.00 | 0.00 | | 0.00 | FA |
| 13 | Claim for injunctive relief and damages against Orange County Board of Education and other school entities and persons for breach of contract and torts. (u) | Unknown | 0.00 | | 0.00 | FA |
| 14 | Claims for injunctive relief and damages against Orange County Board of Education and other school entities and persons for breach of contract and torts which the Debtor is administering as guardian ad litem (u)  Per amended schedule B filed 5/23/14; docket 276. | Unknown | 0.00 | | 0.00 | FA |
| **TOTALS** (Excluding Unknown Values) | | **$4,676,585.00** | **$386,232.16** | | **$2,253,253.47** | **$0.00** |

**Major activities affecting case closing:**

At the time of the Debtor's February, 2013 Chapter 7 bankruptcy filing, the Debtor and her estranged husband James Johnson ("Dr. Johnson"), owned two residential real properties:  1833 Port Barmouth, Newport Beach, CA  ("Port Barmouth Property") Debtor's residence in which she asserted a $100,000 homestead exemption, and 1836 Port Manleigh, Newport Beach, CA  ("Port Manleigh Property").   At the time of the bankruptcy filing, R & B Capital, the Port Barmouth lender was one day away from a foreclosure sale.

At the beginning of the case, in June, 2013, the Trustee, through counsel, negotiated a global settlement whereby Dr. Johnson waived all claims against the estate, and waived all interest in both the Port Barmouth and Port Manleigh properties.  The Port Barmouth lender agreed to purchase Port Barmouth for $150,000 and a waiver of it's $1,779,938 secured claim, subject to overbid, with an immediate $25,000 payment to the Debtor to help with move-out expenses.  Had the fully negotiated and documented agreement been signed by the Debtor and been able to be approved by the Court, this case would have been administered by 2014, administrative expenses would have been a fraction of their current amounts, extended litigation with Dr. Johnson and his Chapter 7 Trustee would have been avoided, Debtor would have received her $100,000 exemption at the outset of the case, and creditors would have received a significant distribution from the estate.

Instead, the Debtor refused to sign the global settlement and five years of Chapter 7 proceedings, then Chapter 11 proceedings, then further Chapter 7 proceedings ensued.  The case is administratively insolvent simply on unpaid Chapter 11 counsel fees, much less the significant fees of current Chapter 7 case administration, prior chapter administration, and the unpaid fees of Trustee's prior Chapter 7 case administration.  The Port Barmouth secured claim was litigated by Debtor in Chapter 11.  Dr. Johnson's claims were litigated first in Chapter 11 and then in Chapter 7, The Trustee sold the Port Barmouth Property in the first Chapter 7 period, and the Port Manleigh Property twice (once in each Chapter 7 proceeding, as the first sale was aborted by Debtor's appeal).  The Chapter 7 Trustee is not pursuing fees for her first administration of this estate in which she sold the Port Barmouth property and sold but was unable to consummate the sale of the Port Manleigh property.  Additionally, counsel for the Chapter 7 Trustee has voluntarily assigned 50% of the prorated distribution on its pre-conversion administrative claim to pre-petition creditors of the estate.

09/30/2017  SUMMARY:  Trustee is currently investigating the Debtor's use of her homestead exemption funds and has filed a motion seeking turnover of the funds under In re Jacobson.

TAX STATUS:  5/1/2018  2013-2017 Estate Tax Returns y/e 12/31/17 Forms 1041/1040/541/540.  Estate tax Liability $0.00 Federal; $0.00 State.

ASSET STATUS:   This case was reconverted from Chapter 11 to Chapter 7 on July 17, 2015.  Trustee has resolved the community property issue with the Ex-husband's Chapter 7 Trustee.  Trustee is

FORM 1                  Exhibit 8
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**           Page: 3

currently investigating the Debtor's use of her homestead exemption funds and has filed a motion seeking turnover of the funds under In re Jacobson.

ASSETS.
The main assets of the case are two real properties (single family residences) in Newport Beach: 1836 Port Manleigh, and 1833 Port Barmouth. The properties were owned in joint tenancy by the Debtor and her estranged husband, James H. Johnson ("Dr. Johnson"). Trustee prosecuted an adversary proceeding (8:13-ap-01193-ES) to obtain authority to sell the property as co-owned property; and obtained a default judgment on October 21, 2013.

Port Barmouth was the Debtor's residence, Trustee determined that there was equity in both properties, and moved forward with the sale of both. A turnover order was obtained on Port Barmouth on August 16, 2013 (Dkt 76). Trustee also defeated the Debtor's first effort to convert to Chapter 11 (Dkt 85, August 22, 2013).

Trustee obtained authority to sell Port Barmouth for $2,750,000 (Dkt 106, October 3, 2013). The sale was free and clear of the disputed interests of the Debtor's estranged husband, James H. Johnson, and of R&B Capital Group, which had purchased the second trust deed from the original note holders, the Muchnicks, along with an "option" to acquire the first trust deed.

Trustee obtained turnover of Port Manleigh, which was tenant-occupied until approximately July 2013. A motion seeking to sell Port Manleigh was filed; the initial bid of $1,799,000 was overbid, up to $1,880,000. The Court approved the sale (Dkt 141, October 24, 2013). However, on the same calendar, the Court considered the Debtor's second motion to convert to Chapter 11, intended to abort the sale. The Court granted the conversion motion, but delayed the effect until the closing of the sale of Port Manleigh (Dkt 136, October 21, 2013). The Debtor appealed the Order to the District Court, and successfully sought a stay pending the appeal. This left a stalemate: the case could not be converted until the sale closed, but the sale could not close until the appeal was resolved. To break the stalemate, the parties stipulated to the vacating of the sale order, and the conversion of the case to Chapter 11. The Court approved the Stipulation (Dkt 161, November 19, 2013).

The sum of $772,168.84 was turned over to the Debtor, to be held in her attorney's trust account. The funds were encumbered by the unresolved interests of Dr. Johnson and R&B. Upon reconversion to Chapter 7, $190,556.07 of proceeds remained and were turned over to the Chapter 7 Trustee.

CHAPTER 11.
Trustee monitored the proceedings in Chapter 11 as creditor of the Estate.

The Debtor disputed the commissions paid on the Port Barmouth sale, arguing that the realtors were entitled to only 5%, not 6%, of the sales price. The higher amount had been paid, in light of an inconsistency in the documents. The Debtor induced the two realtors to return a total of $27,500 to the Estate.

The Debtor filed a "budget motion", seeking to use the sequestered funds to meet her regular expenses. She drew down a total of $15,000 before the Court was advised that contrary to her representations, the Debtor was not using the funds to pay the mortgage, but was using the withdrawn amounts, along with her support payments from Dr. Johnson, to fund a bloated lifestyle. The Court terminated the Debtor's access to these funds for this purpose. The budget motion also brought to light the Debtor's use of the funds to pay a retainer to an attorney to pursue a claim related to her daughter's expulsion from high school for accessing the school's computer system (the access was apparently gained by a tutor for the daughter and other students, who provided test materials to his students). The Court required that the funds be returned to the Estate.

R&B brought a motion seeking to force the payment of its lien claim. Trustee joined in the Debtor's assertion that the claim was inflated (although the Debtor appeared to be trying to obtain a total disallowance, whereas Trustee asserted that the claim should be allowed to amounts due on the second trust need, not including "option payments" on the first trust deed). R&B succeeded in obtaining disbursement of $400,000. The Debtor obtained authority to expend $3,795 of the sequestered funds to mediate the resolution of the claim. The Debtor and R&B ultimately came to terms, entering into an Order allowing the disbursement of an additional $182,555 to R&B (Dkt 512, December 5, 2014).

The Debtor pursued an Adversary Proceeding against Dr. Johnson to determine the extent and value of community property (AD 8:14-ap-01145-ES; an earlier adversary was dismissed for failure to prosecute). The Debtor obtained a summary judgment establishing that all property (including the two real properties and Dr. Johnson's medical practice) were community property, and therefore property of the Estate. Left unresolved was the value of Dr. Johnson's medical practice, and any adjustments due to the Debtor as a result of Dr. Johnson's sole use of the practice.

The Debtor filed objections to the claims of the Irvine Company (Claims 2 and 8) and American Express (Claims 5, 6, 12 and 13).

Irvine Company: The Debtor asserted that the claim was corporate, not individual, and that the premises had been relet quickly, so that the security deposit covered the time of vacancy. Irvine Company produced a guarantee of the lease by the Debtor and Dr. Johnson, and argued that rent, CAM and other charges exceeded the amount of the security deposit by the amount of Claim 8 (Claim 2 was acknowledged as superseded by Claim 8). The matter was continued from time to time, as the Debtor's counsel attempted to negotiate a lower amount.

American Express: This matter centered on Amex's inability to produce an application signed by the Debtor that made the charged debt personal, rather than solely corporate, debt. Amex introduced testimony that all of its applications always included individual liability on corporate cards; the Debtor contested the Court's allowance of certain testimony which she argued was not competent evidence on the subject. The Debtor appealed the Court's ruling on the admission of evidence.

POST-CONVERSION CLAIMS ISSUES:
The Chapter 11 Debtor was deeply embroiled in litigation with two claimants:

FORM 1  
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT  
ASSET CASES

Exhibit 8

Page: 4

One the Irvine Company claims (Nos. 2 and 8), in light of the probable lack of funds for distribution on pre-petition claims, Trustee quickly agreed to stipulate to a single general unsecured claim of $50,000, a significant reduction of the claimant's most recent claim of $85,940.22.  The Court approved the Stipulation to that effect by Order entered November 18, 2015 (Dkt. No. 693).

On the Amex claim, the Debtor's counsel admitted to Trustee's counsel that Amex's claim was probably valid, but he believed that there were certain procedural irregularities.  Since there appeared to be no basis for the objection, and the claimant is unlikely to be paid anyway, Trustee stipulated to the dismissal of the appear filed on behalf of the Debtor to the adverse ruling by Judge Smith, ending the matter.

Administrative Claims.
    The Debtor incurred very significant professional fees during the Chapter 11, most of which remain unpaid.

RECONVERSION TO CHAPTER 7
    After reconversion to Chapter 7, Trustee effectuated the sale of Port Manleigh for $2,060,000, by Order entered March 11, 2016.  The Debtor staged a final battle when she failed to vacate timely, requiring a turnover motion, Ultimately, the Debtor was induced to vacate, and escrow was closed.

TRUSTEE vs. TRUSTEE:
    While the case was pending in Chapter 11, the Debtor initiated an adversary proceeding (8:14-ap-01145) against her estranged husband, James H. Johnson, seeking a determination that their property interests were community property, and therefore property of the Estate.  Judge Smith entered a partial summary judgment in the Debtor's favor, determining that the 2 real properties (Port Barmouth and Port Manleigh) as well as certain financial accounts were community property.  Dr. Johnson filed his own Chapter 7 case (8:15-bk-10627); Karen Naylor ("Naylor") is his trustee, and Bill Burd ("Burd") is Naylor's Counsel.  Trustee and Naylor have been substituted as the proper parties in interest.  Naylor/Burd have challenged the partial summary judgment, based upon the form of title: the real properties were held in joint tenancy.

COMMUNITY PROPERTY ISSUE:
    Trustee resolved the issues concerning the claims of Burd as to whether the two properties sold (Port Barmouth and Port Manleigh) should be treated as community property or as 2 separate property interests with.  Trustee through counsel entered into an agreement as follows:
    The Estate will keep the proceeds from the Port Barmouth sale, but turn over the proceeds of the Port Manleigh sale to Burd.  The settlement agreement was approved by order entered April 3, 2017, and $185,167.96 was transmitted to the ex-husband's trustee by check dated April 6, 2017.  The related adversary proceeding was then dismissed by order entered April 19, 2017.

EXEMPTION ISSUE
    Upon Debtor's failure to provide sufficient proof that the homestead exemption funds were reinvested within 6 months, Trustee filed a motion seeking turnover of the funds under In re Jacobson.  The Debtor finally provided information alleging that she had entered into an arrangement with her mother ("Mother"), whereby Mother (who closed on the purchase of a Huntington Beach property in December 2016) purportedly took the $100,000 homestead exemption funds in exchange for an unrecorded 5% interest in her new home.  The funds were deposited into a new bank account, which appears to have been accessed solely by the Debtor.  The matter is now set for evidentiary hearing on October 26, 2017, with briefing deadlines for the Debtor to submit additional information and argument (including declarations by all witnesses), and Trustee to reply to Debtor's briefs.  Cross-examination will take place at the hearing.  The Debtor's argument is that the use of fthe funds is consistent with Mother's spending patterns prior to the payment of the funds (Mother pays all expenses for the Debtor and her daughters), so use of the funds for the Debtor's purposes is not inconsistent with the "reinvestment agreement".  If the Estate prevails, the Debtor will most likely appeal.

ADMINISTRATIVE CLAIMS ISSUES
    This issues remains open.  Once the current administrative claims are fully realized, and all assets are liquidated, it will be easier to determine if the funds on hand will reach prior chapter's administrative fees.

INSURANCE STATUS:  USAA Casualty Insurance Company Policy CIC 00520 17 82 90A Period 12/12/15 - 4/16/16 Coverage A - Dwelling Protection $325,000 Coverage B - Other Structures Protection $32,500 Coverage C - Personal Property Protection $243,750 Coverage D - Loss Of Use Protection (Up To 12 Months) $65,000 Personal Liability - Each Occurance $300,000 Medical Payments To Others $5,000 All Perils $1,000,
First Mortgagee:
Select Portfolio Servicing Inc Its Successors And/Or Assigns, Atima
P.O. Box 7277
Springfield, OH 45501-7277
Additional Insured:
Law Offices of Weneta Kosmala
3 MacArthur Place, Suite 760
Santa Ana, CA  92707-0710

LITIGATION STATUS:  Adversary Proceeding (Sandra Elisabeth Johnson vs. James H. Johnson) Case Number 8:13-ap-01145-ES.  Complaint for Declaratory Judgment; Turnover; Avoidance of Post-Petition Transfers; Recover upon Avoided Transfers; Disallowance of Claim.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

Page: 5

Order Granting Stipulation for Dismissal of Adversary entered 4/19/2017 and the Adversary Proceeding was closed on August 25, 2017.

Order Granting Motion For Approval of Settlement Between Related bankruptcy Estates Resolving 8:14-ap-01145-ES entered 3/22/17;  The Agreement resolves the trustees' rights to appeal the rulings, as well as their interests in all of this property and claims against each estate, by the payment of one-half of the net proceeds of the sale of the Port Manleigh property (approximately $185,167.96) to Johnson's estate, with this Estate retaining the remainder of the property interests addressed by the referenced rulings (including the remaining $185,167.96 in Port Manleigh proceeds, and approximately $90,000 in Port Barmouth proceeds).

While the case was in Chapter 11, the Debtor initiated an adversary proceeding (8:14-ap-01145) against her estranged husband, James H. Johnson, seeking a determination that their property interests were community property, and therefore property of the Estate.  Judge Smith entered a partial summary judgment in the Debtor's favor, determining that the two real properties (Part Barmouth and Port Manleigh) as well as certain financial accounts were community property.

Adversary Proceeding (Weneta M.A. Kosmala vs. James H. Johnson) Case Number 8:13-bk-01193-ES Complaint for Authority to Sell Co-owned Property.

Case closed on November 20, 2013, after entry of Judgment by Default entered in favor of the Plaintiff, Weneta M.A. Kosmala, Trustee, and against Defendant James H. Johnson giving authorization to sell the real properties located at 1833 Port Barmouth Place, Newport Beach, CA and 1868 Port Manleigh Place Newport Beach, CA on October 31, 2013.

OPEN ISSUES:  None

11/13/2018  Entered Order on Final Fee Application Allowing Payment of: 1) Court and U.S. Trustee Fees; and  2) Finala Fees and Expenses of Trustee and Professionals.

5/22/2018  Notice to Pay Court Costs Due; Total Amount Due $586.00 (2 Complaints at $293.00 each).

5/21/2018  Notice to Professionals to File Applications for Compensation.

5/10/2018  Entered Order Granting Application by Chapter 7 Trustee to Employ Hahn Fife & Company, LLP as Accountant; Employment is pursuant to 11 U.S.C. Section 327 and compensation and reimbursement of costs are subject further application, determination and approval by this Court, per 11 U.S.C. Section 330.

3/21/2018  Entered Memorandum and Order Regarding Trustee's Motion for Order Compelling Turnover of Exemption Proceeds Paid to Debtor Over 6 Months Ago in Absence of Evidence of Reinvestment:  Ordered that the Motion is Denied.

7/27/2017  Notice of Continuance of Hearing on  Motion for Turnover of Property for Order Compelling Turnover of Exemption Proceeds Paid to Debtor Over 6 Months Ago in Absence of Evidence of Reinvestment; continued to October 26, 2017 at 10:30am in Courtroom 5A.

6/30/2017  Entered Order Continuing Hearing On Motion for Order Compelling Turnover of Exemption Proceeds Paid to Debtor Over 6 Months Ago in Absence of Reinvestment to July 27, 2017 at 10:30am in Courtroom 5A; The Debtor is to serve Trustee by mail with all documents related to the purchase of a home by or before June 22, 2017; any supplemental pleadings of Trustee regarding the Turnover Motion are to be filed no later than July 6, 2017; any further response by the Debtor is to be filed by July 13, 2017; any further reply of Trustee is to be filed no later than July 20, 2017.

3/22/2017  Entered Order Granting Motion For Approval of Settlement Between Related bankruptcy Estates Resolving 8:14-ap-01145-ES;  The Agreement resolves the trustees' rights to appeal the rulings, as well as their interests in all of this property and claims against each estate, by the payment of one-half of the net proceeds of the sale of the Port Manleigh property (approximately $185,167.96) to Johnson's estate, with this Estate retaining the remainder of the property interests addressed by the referenced rulings (including the remaining $185,167.96 in Port Manleigh proceeds, and approximately $90,000 in Port Barmouth proceeds).

8/12/2016  Entered Order Dismissing Appeal re Order on Debtor's Objection to Claim Numbers 12 and 13 on Behalf of American Express Bank, FSB are overruled; Claim Number 12 and 13 are allowed.

04/15/2016  Entered Order Granting Emergency Motion for Order Compelling Turnover of Real Property of the Estate, Requiring Vacating of Premises, and Allowing Trustee to Exercise All Legal Remedies to Obtain possession; Trustee granted possession of 1836 Port Manleigh, Newport Beach, CA as against all occupants of the property; Respondents are compelled to turnover the Real Property to Trustee and vacate/surrender Real Property to Trustee no later than 5:00 pm on April 15, 2016; Upon Trustee's Request, any appropriate enforcement authority shall take necessary steops to evict the Respondents if they fail to vacate; Trustee is authorized to remove, store and/or dispose of an remaining personal property.

03/15/2016  Entered Order Granting Motion for Release of Homestead Money; Six-month reinvestment period will begin when debtor receives the funds; funds shall be transferred within 10 days from the date of entry of the Order.

3/23/2016  Notice of Deadline (Bar Date) to File Requests for Payment of Chapter 11 Administrative Expenses, Including Fees and Expenses of Professionals; Administrative Claim Deadline: May 23, 2016.

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit 8

Page: 6

03/15/2016  Entered Order Fixing Deadline (Bar Date) to File Applications for Payment of Chapter 11 Administrative Expenses, Including Fees and Expenses of Professionals.

03/11/2016  Entered Order on Motion for Order Approving Sale of Real Property Free and Clear of Liens, and Ancillary Relief re 1836 Port Manleigh, Newport Beach, CA for $2,060,000; offer of $2,050,000 is approved as the successful back-up bid by Jeremy Grissinger, Los Vallecitos Investors LLC, and the Mayo Family Trust; Trustee's overbid procedures are approved; Trustee is authorized to distribute and/or authorize the distribution of sales proceeds as follow:  payment of costs of sale, including broker/realtor commissions, payment of all liens and encumbrances including trust deeds, property taxes and/or homeowner's assiciation dues or fees, out of pocket, case related expenses incurred by Trustee's Real Estate Agent up to $1,500 subject to prior approval; 1/2 of the net amount after payment of above liens/encumbrances etc. shall be held in trust by the Trustee pending further Court Order resolving the interest of the Estate of James H. Johnson.

01/15/2016  Entered Order on Motion for Order Compelling Turnover of Real Property of the Estate, Requiring Vacating of Premises, and Allowing Trustee to Exercise All Legal Remedies to Obtain Possession; Debtor and her daughters may continue to occupy the premises during the "Occupancy Period" (the later of March 7, 2016 (60 days from the date of the hearing on the Motion) or the initial hearing date set on a motion by Trustee seeking approval of the sale of the Real Property); Debtor shall maintain insurance coverage on the full value of the Property naming the Trustee/Estate as additional insured; Debtor/Occupants shall cooperate with the Trustee and her agent in allowing access to the Property for marketing purposes; Upon expiration of the occupancy period, Trustee shall have the sole and exclusive right to possession of the property, and may exercise all available remedies to clear the Property and obtain possession; Debtor shall notify Trustee immediately when the Property is vacant.

01/06/2016  Entered Order Denying Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 re 1836 Port Manleigh Place, Newport Beach, CA  92660 without prejudice

11/19/2015  Entered Order Allowing Weinstein Law Firm's Motion to Withdraw as Counsel for the Debtor.

11/18/16  Entered Order Granting Motion for Approval of Stipulation re Compromise of Irvine Company Claims Number 2 and Number 8; Claim No. 2 shall be treated as superseded by Claim No. 8 and withdrawn; Claim No. 8 shall be allowed as a pre-petition general unsecured claim in the amount of $50,000

09/24/2015  Entered Order Granting Chapter 7 Trustee's Application to Employ Real Estate Agent [Clarence Yoshikane of Berkshire Hathaway Home Services] Employment of the Agent is pursuant to 11 U.S.C. § 328, upon the terms and conditions set forth in the Application.

9/23/2015  Entered Order on Chapter 7 Trustee's Application to Employ General Counsel, Law Offices of Weneta M.A. Kosmala, pursuant to 11 U.S.C. § 327 and compensation and reimbursement of costs are subject to further application, determination and approval
by this Court, per 11 U.S.C. § 330 or 331.

07/21/2015  Notice of Appointment of Trustee Weneta M.A. Kosmala and Fixing of Bond; Acceptance of Appointment as Trustee.

07/17/2015  Entered Order Granting the United States Trustee's Motion to Dismiss Case or Convert to a Case Under Chapter 7 Pursuant to 11 11 U.S.C. § 1112(b) and Specifically, Converting Case to Chapter 7.

11/19/2013  Entered Order on Motion for Approval of Stipulation re Resolution of Real Property Sale Issues and Transition to Chapter 11; Case shall be converted to Chapter 11 effective immediately; the Order on Motion for Order Approving Sale of Real Property Free and Clear of Liens is vacated; sale of the Port Manleigh Property pursuant to the sale order shall be cancelled, and deposits of the approved bidders and backup bidders are to be refunded in full; Trustee shall turnover all funds on hand on account of the Estate to Debtor's counsel of record to be held in counsel's trust account.

11/14/2013  Entered Order Granting Trustees Application And Setting Hearing On Shortened Notice: Hearing Set For November 19, 2013 At 9:30 A.M. Re Approval Of Stipulation Re Resolution Of Real Property Sale Issues And Transition To Chapter 11;

11/14/2013  Entered Order Denying Chapter 7 Application To Employ Real Estate Agent Without Prejudice As Moot In Light Of Order Of The District Court Granting A Stay Pending Appeal Of The Motion Approving Sale Of Subject Property (Docket #142).

10/24/2013  Entered Order Approving Sale Of Real Property Located At 1836 Port Manleigh, Newport Beach, Ca To Clark And Christina Hahne For $1,880,000.  The $1,870,000 Offer For Property By Jesse And Jenny Rodriguez Approved As Backup Bidders.

10/21/2013  Entered Order Approving Debtor's Motion to Convert Case Under 11 U.S.C. § 706(a) Effective November 15, 2013 subject to sale of residential real property located at 1836 Port Manleigh, Newport Beach, CA.

10/21/2013  Entered Order Of Judgment By Default; Judgment By Default entered in favor of the Plaintiff, Weneta M.A. Kosmala, Trustee, and against Defendant James H. Johnson, giving authorization to sell the entirety of the real properties located at 1833 Port Barmouth Place, Newport Beach, CA and 1868 Port Manleigh Place, Newport Beach, CA; Trustee shall be entitled to costs incurred herein according to a Bill Of Costs to be filed in accordance with LBR 7054-1.

**FORM 1**  Exhibit 8
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**  Page: 7

10/15/2013  Order Denying Oral Motion For Stay of Enforcement of Order on Motion for Order Approving Sale of Real Property Free and Clear of Liens Pending Appeal

10/07/13  Entered Order Authorizing Chapter 7 Trustee To Employ Accountant, Hahn Fife & Co., LLP Effective As Of August 15, 2013 with compensation or reimbursement of costs shall only be paid upon application to and approval by the Court pursuant to 11 U.S.C. Sections 330 or 331.

10/04/2013  Petition Recorded With The Orange County Recorders Office: Document #2013000570926

10/03/2013  Entered Order Approving Sale Of Real Property Located At 1833 Port Barmouth, Newport Beach, Ca. To Scott And Kristin Keifer For $2,750,000. With Authorization To Pay One-Half Of Net Proceeds To James H. Johnson.

09/06/2013  Entered Order Approving Stipulation Re Continuance Of 1)  Motion For Order Approving Sale Of Property Located At 1836 Port Manleigh, Newport Beach And 2)  Motion To Convert Case To October 8, 2013 At 10:30.

8/22/2013  Entered Order Denying Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) without prejudice.

08/16/2013  Entered Order Compelling Turnover Of Real Property Of The Estate (1833 Port Barmouth And 1836 Port Manleigh, Newport Beach, Ca.), Requiring Vacating Of Premises, And Allowing Trustee To Exercise All Legal Remedies To Obtain Possession.

08/01/2013  Entered Order Authorizing Chapter 7 Trustee To Employ General Counsel, Law Offices Of Weneta M.A. Kosmala Effective May 29, 2013 with compensation and reimbursement of expenses subject to application and approval of the Court.

06/12/2013  Notification Of Asset Case Served By Clerk Of Court; Bar Date Set For September 16, 2013; Government Bar Date Set For August 17, 2013

03/06/2013  Entered Order on Debtor's Ex-Parte Motion to Extend Time to File Schedules, Statement of Financial Affairs, and Balance of Deficiency Documents until March 18, 2013.

**Initial Projected Date of Final Report (TFR):** July 16, 2018           **Current Projected Date of Final Report (TFR):** September 13, 2018 (Actual)

Exhibit 9

# Form 2
## Cash Receipts and Disbursements Record

Page: 1

| Case Number: | 8:13-BK-11464 ES | | Trustee: | WENETA M.A. KOSMALA |
|---|---|---|---|---|
| Case Name: | SANDRA ELISABETH JOHNSON | | Bank Name: | Signature Bank |
| | | | Account: | ******4529 - Checking |
| Taxpayer ID#: | **-***8511 | | Blanket Bond: | $1,800,000.00 (per case limit) |
| Period Ending: | 01/25/19 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 07/27/15 | Asset #1 | LORRAINE HOWELL | TRUST FUNDS TURNED OVER AFTER CONVERSION BACK TO CHAPTER 7 RE PORT BARMOUTH SALES PROCEEDS | 1110-000 | 190,553.78 | | 190,553.78 |
| 07/31/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 18.27 | 190,535.51 |
| 08/31/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 264.92 | 190,270.59 |
| 09/30/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 291.95 | 189,978.64 |
| 10/09/15 | Asset #1 | LORRAINE HOWELL | | 1110-000 | 2.29 | | 189,980.93 |
| 10/30/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 273.26 | 189,707.67 |
| 11/30/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 281.96 | 189,425.71 |
| 12/31/15 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 281.55 | 189,144.16 |
| 01/21/16 | Asset #2 | Jeffrey P. Schaffer | Earnest Money Deposit re 1836 Port Manleigh | 1110-000 | 100,000.00 | | 289,144.16 |
| 01/29/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 295.76 | 288,848.40 |
| 02/08/16 | 1001 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium for period 01/04/16 - 01/04/17. | 2300-000 | | 71.87 | 288,776.53 |
| 02/29/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 400.52 | 288,376.01 |
| 03/08/16 | Asset #2 | RENATO RIVAS | Earnest Money Deposit for successful bidder. | 1110-000 | 100,000.00 | | 388,376.01 |
| 03/08/16 | Asset #2 | AL F. MAYO | Earnest Money Deposit for Back-up bidder | 1110-000 | 100,000.00 | | 488,376.01 |
| 03/10/16 | Asset #2 1002 | Jeffrey P. Schaffer | Refund of earnest money deposit re 1836 Port Manleigh Pl., Newport Beach, CA 92660. | 1110-000 | -100,000.00 | | 388,376.01 |
| 03/15/16 | 1003 | Sandra E. Johnson | Full and final payment of $100,000 homestead exemption per Court Order entered March 15, 2016 | 8100-002 | | 100,000.00 | 288,376.01 |
| 03/31/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 560.26 | 287,815.75 |
| 04/19/16 | Asset #2 1004 | AL F. MAYO | Refund for good faith deposit for back up bid on sale of real property located at 1836 Port Manleigh Place, Newport Beach | 1110-000 | -100,000.00 | | 187,815.75 |

Exhibit 9

## Form 2
## Cash Receipts and Disbursements Record

Page: 2

| Case Number: | 8:13-BK-11464 ES | | Trustee: | WENETA M.A. KOSMALA |
|---|---|---|---|---|
| Case Name: | SANDRA ELISABETH JOHNSON | | Bank Name: | Signature Bank |
| | | | Account: | ******4529 - Checking |
| Taxpayer ID#: | **-***8511 | | Blanket Bond: | $1,800,000.00 (per case limit) |
| Period Ending: | 01/25/19 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 04/22/16 | | PICKFORD ESCROW COMPANY, INC. | | | 267,963.64 | | 455,779.39 |
| 04/22/16 | Asset #2 | PICKFORD ESCROW | Proceeds from sale of 1836 Port Manleigh, Newport Beach, CA 92660; sold to Renato Rivas for $2,060,000 per Court Order entered 3/11/16 | 1,960,000.00 | 1110-000 | | 455,779.39 |
| 04/22/16 | | Select Portfolio | Payoff of First Trust Deed | -1,418,220.87 | 4110-000 | | 455,779.39 |
| 04/22/16 | | Surterre Properties | Commissions | -51,500.00 | 3510-000 | | 455,779.39 |
| 04/22/16 | | Pickford Escrow | HOA fees: Assessments of $4,165 plus pre-lien charges of $1,197.50 less 4/18 to 7/1/16 credit to buyer of $241.31 | -5,121.19 | 2500-000 | | 455,779.39 |
| 04/22/16 | | Pickford Escrow | Escrow Charges of $4,624 plus $75 plus $100 plus $35 plus $80 | -4,914.00 | 2500-000 | | 455,779.39 |
| 04/22/16 | | Pickford Escrow | Other charges: $1,500 hold for reimbursement of expenses; $1,500 buffer for anticipated expenses: $85 for HomeServices Disclosure Report; $87.50 Renato Rivas for 50% HOA transfer fee | -3,172.50 | 2500-000 | | 455,779.39 |
| 04/22/16 | | First American Title | Title/Taxes/Recording Charges: Title charges pf $3,681 plus $12.19 plus $62.50 plus $30; Recording Fees $99; Transfer Tax $2,266 less county taxes of $2,753.61 for 4/18/16 to 7/1/16 | -3,397.08 | 2820-000 | | 455,779.39 |

Exhibit 9

# Form 2
## Cash Receipts and Disbursements Record

Page: 3

| Case Number: | 8:13-BK-11464 ES | Trustee: | WENETA M.A. KOSMALA |
|---|---|---|---|
| Case Name: | SANDRA ELISABETH JOHNSON | Bank Name: | Signature Bank |
| | | Account: | ******4529 - Checking |
| Taxpayer ID#: | **-***8511 | Blanket Bond: | $1,800,000.00 (per case limit) |
| Period Ending: | 01/25/19 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 04/22/16 | | Berkshire Hathaway | Commissions    -51,500.00 | 3510-000 | | | 455,779.39 |
| 04/22/16 | | Chase Home Finance Home Equity | Payoff of Second Trust Deed    -154,210.72 | 4110-000 | | | 455,779.39 |
| 04/29/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 431.21 | 455,348.18 |
| 05/09/16 | | Pickford Escrow | Allocate $1,500 Clarence Yoshikane reimbursement and $1,500 buffer for unanticipated expenses holds as follows: $627.71 paid to Clarence Yoshikane for documented expenses; balance remitted to estate | 2500-000 | | -2,372.29 | 457,720.47 |
| 05/31/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 699.09 | 457,021.38 |
| 06/08/16 | 1005 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium increase for period 01/04/16 - 01/04/17, effective 4/5/16 | 2300-000 | | 26.06 | 456,995.32 |
| 06/30/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 655.54 | 456,339.78 |
| 07/29/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 632.77 | 455,707.01 |
| 08/31/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 924.49 | 454,782.52 |
| 09/09/16 | 1006 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium increase for period 01/04/16 - 01/04/17, effective 7/28/16 | 2300-000 | | 44.01 | 454,738.51 |
| 09/30/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 838.73 | 453,899.78 |
| 10/31/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 865.01 | 453,034.77 |
| 11/08/16 | 1007 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium increase for period 01/04/16 - 01/04/17, effective 10/4/16 | 2300-000 | | 6.72 | 453,028.05 |
| 11/30/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 835.51 | 452,192.54 |
| 12/30/16 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 833.96 | 451,358.58 |
| 01/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 890.20 | 450,468.38 |
| 02/08/17 | 1008 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium for period 01/04/17 - 01/04/18 | 2300-000 | | 242.96 | 450,225.42 |

Exhibit 9

# Form 2
## Cash Receipts and Disbursements Record

Page: 4

| Case Number: | 8:13-BK-11464 ES | | Trustee: | WENETA M.A. KOSMALA |
| --- | --- | --- | --- | --- |
| Case Name: | SANDRA ELISABETH JOHNSON | | Bank Name: | Signature Bank |
| | | | Account: | ******4529 - Checking |
| Taxpayer ID#: | **-***8511 | | Blanket Bond: | $1,800,000.00 (per case limit) |
| Period Ending: | 01/25/19 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 02/28/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 777.31 | 449,448.11 |
| 03/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 858.88 | 448,589.23 |
| 04/06/17 | 1009 | Karen Naylor, Chapter 7 Trustee | FULL AND FINAL PAYMENT OF SETTLEMENT PROCEEDS TO KAREN SUE NAYLOR, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES H. JOHNSON CASE NO. 8:15-BK-16027-ES AND ADV. CASE NO. 8:14-AP-01145-ES PER ORDER ENTERED ON 03/22/2017 AND 04/03/2017 | 8500-002 | | 185,167.96 | 263,421.27 |
| 04/28/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 603.06 | 262,818.21 |
| 05/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 534.64 | 262,283.57 |
| 06/30/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 485.05 | 261,798.52 |
| 07/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 468.01 | 261,330.51 |
| 08/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 531.67 | 260,798.84 |
| 09/29/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 466.22 | 260,332.62 |
| 10/31/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 513.53 | 259,819.09 |
| 11/30/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 480.49 | 259,338.60 |
| 12/29/17 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 463.61 | 258,874.99 |
| 01/31/18 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 526.61 | 258,348.38 |
| 02/15/18 | 1010 | INTERNATIONAL SURETIES, LTD. | Bond #016030867 premium for period 01/04/18 - 01/04/19 | 2300-000 | | 161.61 | 258,186.77 |
| 02/28/18 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 445.94 | 257,740.83 |
| 08/27/18 | Asset #10 | COLUMBIA THREADNEEDLE | Turnover of funds. | 1229-000 | 2,697.40 | | 260,438.23 |
| 11/14/18 | 1011 | HAHN FIFE & COMPANY, LLP | Dividend of 100.000000000% | 3410-000 | | 7,560.00 | 252,878.23 |
| 11/14/18 | 1012 | HAHN FIFE & COMPANY, LLP | Dividend of 100.000000000% | 3420-000 | | 698.70 | 252,179.53 |

Exhibit 9

### Form 2
### Cash Receipts and Disbursements Record

Page: 5

| Case Number: | 8:13-BK-11464 ES | | Trustee: | WENETA M.A. KOSMALA |
| --- | --- | --- | --- | --- |
| Case Name: | SANDRA ELISABETH JOHNSON | | Bank Name: | Signature Bank |
| | | | Account: | ******4529 - Checking |
| Taxpayer ID#: | **-***8511 | | Blanket Bond: | $1,800,000.00 (per case limit) |
| Period Ending: | 01/25/19 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 11/14/18 | 1013 | Law Offices of Weneta M.A. Kosmala | Dividend of 100.000000000% | 3110-000 | | 105,585.50 | 146,594.03 |
| 11/14/18 | 1014 | Law Offices of Weneta M.A. Kosmala | Dividend of 100.000000000% | 3120-000 | | 2,409.12 | 144,184.91 |
| 11/14/18 | 1015 | Office of the U.S. Trustee | Dividend of 100.000000000%, Claim No. 24 | 2950-000 | | 975.00 | 143,209.91 |
| 11/14/18 | 1016 | UNITED STATES BANKRUPTCY COURT | Dividend of 100.000000000% | 2700-000 | | 586.00 | 142,623.91 |
| 11/14/18 | 1017 | WENETA M.A. KOSMALA | Dividend of 100.000000000% | 2100-000 | | 82,292.57 | 60,331.34 |
| 11/14/18 | 1018 | Weneta M.A. Kosmala | Dividend of 100.000000000% | 2200-000 | | 458.85 | 59,872.49 |
| 11/14/18 | 1019 | Law Offices of Weneta M.A. Kosmala | Dividend of 16.964329101% | 6110-000 | | 8,707.96 | 51,164.53 |
| 11/14/18 | 1020 | Law Offices of Weneta M.A. Kosmala | Dividend of 16.964329101% | 6120-000 | | 222.72 | 50,941.81 |
| 11/14/18 | 1021 | LOBUGLIO & SIGMON | Dividend of 16.964329101% | 6410-000 | | 2,677.31 | 48,264.50 |
| 11/14/18 | 1022 | LOBUGLIO & SIGMON | Dividend of 16.964329101% | 6420-000 | | 35.61 | 48,228.89 |
| 11/14/18 | 1023 | WEINSTEIN LAW FIRM | Dividend of 16.964329101% | 6700-180 | | 47,752.90 | 475.99 |
| 11/14/18 | 1024 | WEINSTEIN LAW FIRM | Dividend of 16.964329101% | 6710-190 | | 475.99 | 0.00 |

|  |  | | |
| --- | ---: | ---: | ---: |
| **ACCOUNT TOTALS** | | 561,217.11 | 561,217.11 | $0.00 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | 561,217.11 | 561,217.11 | |
| Less: Payment to Debtors | | | 100,000.00 | |
| **NET Receipts / Disbursements** | | **$561,217.11** | **$461,217.11** | |

**Form 2**  Exhibit 9
**Cash Receipts and Disbursements Record**

Page: 6

|  |  |
|---:|---:|
| Net Receipts: | $561,217.11 |
| Plus Gross Adjustments: | 1,692,036.36 |
| Less Payments to Debtor: | 100,000.00 |
| Less Other Noncompensable Items: | 185,167.96 |
| Net Estate: | $1,968,085.51 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---:|---:|---:|
| **Checking # ******4529** | **561,217.11** | **461,217.11** | **0.00** |
|  | **$561,217.11** | **$461,217.11** | **$0.00** |